IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) RIZZA CADILLAC INC. ) ) Defendant. ) ) | JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of religion and national origin and to provide appropriate relief to Muslim and Arab employees who were adversely affected by such practices.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. From at least June 1, 2007, through the present Defendant Rizza Cadillac Inc., ("Rizza Cadillac") has continuously been a corporation doing business in the State of Illinois, County of Cook, and the City of Chicago, Illinois.

7. From at least June 1, 2007, through the present Defendant Rizza Cadillac continuously had at least fifteen (15) employees.

8. From at least June 1, 2007, through the present Defendant Rizza Cadillac was an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Adam Adawy, Medhat Adawy and Mohammed El-Hajjami, filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Rizza Cadillac.

10. On July 19, 2012 EEOC issued Letters of Determination on the Charges of Discrimination filed by Adam Adawy, Medhat Adawy, and Mohammed El-Hajjami, finding reasonable cause to believe that Rizza Cadillac had subjected a class of employees, including the

three Charging Parties, to harassment because their race/national origin and their religion, Islam, in violation of Title VII of the Civil Rights Act of 1964. The letters also invited Rizza Cadillac to join with EEOC in conciliation efforts.

11. Between approximately July 9, 2012 and January 28, 2013, conciliation efforts between Rizza Cadillac and EEOC took place.

12. The above conciliation efforts did not result in an agreement acceptable to the EEOC.

13. On January 28, 2013, EEOC issued letters as to the above three Charges stating that EEOC had determined that the conciliation efforts required by law had occurred and were unsuccessful.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. From at least January 1, 2007 through at least November 20, 2009, Defendant Rizza Cadillac engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include allowing managers to subject Adam Adawy, Medhat Adawy and Mohammed El-Hajjami to harassment because of their religion (Islam), and national origin (Arab). Such harassment included, but was not limited to the regular use of offensive slurs, including "terrorist," "sand nigger," and "Hezbollah," and mocking and insulting references to the Qur'an and the manner in which Muslims pray. Rizza Cadillac failed to take prompt and effective action to stop and prevent the use of such slurs even though a) it received complaints about them from the above employees and from other Muslim and Arab employees; and b) many of the slurs were made in the presence of other managers, the owners of Rizza Cadillac, and/or customers of Rizza Cadillac.

16. Adam Adawy, Medhat Adawy and Mohammed El-Hajjami found the above harassment offensive and unwelcome.

17. The result of the practices complained of in paragraph 15 was to deprive Adam Adawy, Medhat Adawy and Mohammed El-Hajjami of equal employment opportunities and otherwise adversely affect their status as employees because of their religion (Islam) and national origin (Arab).

18. The unlawful employment practices complained of above were intentional.

19. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Adam Adawy, Medhat Adawy and Mohammed El-Hajjami.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion or national origin.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of religion or national origin and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to make whole Adam Adawy, Medhat Adawy and Mohammed El-Hajjami by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices, in amounts to be determined at trial;

D. Order Defendant to make whole Adam Adawy, Medhat Adawy and Mohammed

El-Hajjami by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices, including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

  E. Order Defendant to pay Adam Adawy, Medhat Adawy and Mohammed El-Hajjami punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

  F. Prohibit Defendant from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit.

  G. Grant such further relief as this Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

                    Respectfully submitted,

                    David P. Lopez
                    General Counsel

                    James Lee
                    Deputy General Counsel

                    Gwendolyn Young Reams
                    Associate General Counsel

                    Equal Employment Opportunity Commission
                    1801 "L" Street, N.W.
                    Washington, D.C. 20507


                    s/ John C. Hendrickson
                    John C. Hendrickson
                    Regional Attorney

                    s/ Gregory Gochanour
                    Gregory Gochanour
                    Supervisory Trial Attorney

                    s/ Gordon Waldron
                    Gordon G. Waldron
                    Senior Trial Attorney
                    United States Equal Employment Opportunity
                        Commission
                    500 W. Madison, Room 2000
                    Chicago, IL 60661
                    (312) 869-8123
                    gordon.waldron@eeoc.gov