IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> MOHAMMED EL-HAJJAMI, MEDHAT ADAWY, and ADHAM ADAWY, </br></br> Plaintiff-Intervenors, </br></br> v. </br></br> RIZZA CADILLAC, INC., RIZZA BUICK GMC CADILLAC, INC., and JOE RIZZA ENTERPRISES, INC., </br></br> Defendants. | Civil Action No. 13 CV 6696 </br></br> Hon. John J. Tharp, Jr. </br> Judge Presiding </br></br> Magistrate Judge Rowland |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendant Rizza Cadillac, Inc., now legally known as Rizza Buick GMC Cadillac, Inc. ("Rizza") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by subjecting Mohammed El-Hajjami, Medhat Adawy, and Adham Adawy (referred to collectively herein as "Charging Parties") to a hostile work environment because of their national origin (Arab) and religion (Muslim). Subsequently, Charging Parties filed an Intervenor's Complaint, which also alleged that Defendant subjected the three Charging Parities to a hostile work environment because of their national origin and religion.[1]

---

[1] The intervening complaint also added defendants Rizza Buick GMC Cadillac, Inc., and Joe Rizza Enterprises, Inc., and added discharge claims on behalf of Mohammed El-Hajjami, and

2. If Rizza were required to file an Answer in this Litigation, Rizza would deny all material allegations against it. By entering into this Decree no party admits the claims or defenses of any other party.

3. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that the hostile environment claims alleged by EEOC and the three Charging Parties should be finally resolved by entry of this Consent Decree (hereafter "Decree").

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction of the subject matter of this action and of the parties.

   b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Rizza, the three Charging Parties, and the public interest are adequately protected by this Decree.

   c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Parties, and the public.

5. This Decree fully and finally resolves all claims of hostile work environment based on national origin and/or religion alleged in EEOC's Complaint, and all claims of a hostile work

---

Adham Adawy, under Title VII and under 42 U.S.C. § 1981. This Consent Decree does not deal with those additional claims.

environment based on national origin and/or religion alleged in the Intervening Complaint of the three Charging Parties.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION

6. Rizza, its officers, agents, employees, successors, assigns and all persons acting in concert with it are enjoined from: (a) engaging in any employment practice that discriminates on the basis of national origin, or religion; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any Arab or Muslim employee; and (c) creating, facilitating or tolerating the existence of a work environment that is hostile to Arab or Muslim employees. In addition, if Medhat Adawy is hired or rehired at Rizza Kia or any Rizza-owned dealership, Rizza agrees to notify that dealership in writing of the existence of this Consent Decree and of its obligations to comply with all requirements of Title VII which prohibits harassment or discrimination against Adawy on the basis of his race or national origin.

7. Rizza, its officers, agents, employees, successors, assigns and all persons acting in concert with it are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree. In addition, if Medhat Adawy is hired at Rizza Kia or any Rizza-owned dealership, Rizza agrees to notify that dealership in writing of the existence of this Consent Decree and of its obligations to comply with all requirements of Title VII which prohibits retaliation against Adawy because of his opposition to any practice declared unlawful under Title VII or his filing of a charge, or testifying or participating in any manner in an investigation, proceeding or hearing under Title VII.

## MONETARY RELIEF

8. Rizza shall pay a total of $100,000 to the three Charging Parties as compensatory damages for the claims alleged in EEOC's complaint. This amount shall be allocated among the Charging Parties pursuant to a separate release agreement ("Separate Release Agreement") between the Charging Parties, represented by their private counsel, and Defendant, Rizza. The Separate Release Agreement also resolves claims alleged by Charging Parties, but not alleged by the EEOC. The EEOC is not a party to the Separate Release Agreement, had no involvement in its negotiation, and has not approved it.

9. Rizza shall not condition the receipt of monetary relief on the agreement of any Charging Party to: (a) maintain as confidential the terms of this Decree; (b) waive his statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Rizza; or (d) enter into a non-disparagement agreement that bars truthful statements.

## POSTING OF NOTICE

10. Within five (5) business days following entry of this Decree, Rizza shall post copies of the Notice (attached hereto as Exhibit A) to this Decree on the bulletin boards usually used by Rizza for communicating with its employees. The Notices shall remain posted for two (2) years from the date of entry of this Decree. Rizza shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Rizza shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notices have been properly posted. During the duration of this Decree, Rizza shall permit a representative of EEOC to enter Rizza's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours. Further, any EEOC representative who appears for such verification shall notify Rizza management when entering Rizza and shall be immediately accompanied by a Rizza Cadillac manager while conducting the verification.

4

## RECORD KEEPING

11. During the term of the Decree, Rizza shall maintain and make available for inspection and copying by EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee who complains of national origin, or religious harassment at Rizza. Rizza shall maintain such records whether or not any such report or complaint is made formally or informally. Such records shall include the name of the complainant, the date of the report or complaint, what was alleged, the name(s) of any witnesses, what actions, if any, Rizza took to resolve the complaint, and the resolution of the report or complaint.

12. Rizza shall make all documents or records referred to in Paragraph 11 above available for inspection and copying by EEOC within ten (10) business days after EEOC so requests. In addition, following advance notice of at least ten (10) business days from EEOC to counsel for Rizza, Rizza shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed on a mutually agreeable date and time.

## REPORTING

13. Rizza shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due thirty-five (35) months after entry of the Decree. Each such report shall contain:

    (a) A summary of the information recorded by Rizza pursuant to Paragraph 11; and

    (b) A certification by Rizza that the Notice required to be posted in Paragraph 10, above, remained posted during the entire six (6) month period preceding the report.

## TRAINING

14. During each of the two (2) years covered by this Decree, all employees shall participate in an annual training session by a trainer paid for by Rizza and approved by EEOC regarding national origin and religious harassment, retaliation, and Rizza's policies regarding discrimination based on national origin and religion. Litchfield Cavo LLP shall be the trainer. All current managers and human resources employees who are in any way involved in the operation of Rizza shall participate in such training, and any new human resources employee shall receive such training prior to starting work. The first training shall take place within ninety (90) days of entry of this Decree.

15. If Rizza utilizes a trainer other than Litchfield Cavo LLP, Rizza shall obtain EEOC's approval of its proposed trainer prior to the training session. Rizza shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve Rizza's designated trainer, Rizza shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 18.

16. Rizza shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

17. Rizza shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

18. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

19. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under ¶18, above, remain unresolved, the term of the Decree shall be automatically extended for the sole purpose of resolution of the issues raised in such disputes (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

20. EEOC and Rizza Cadillac, Inc. shall bear their own attorneys' fees.

21. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Rizza. Rizza, and any successor(s) of Rizza, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Rizza, or any successor of Rizza, prior to the effectiveness of any such acquisition or

merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

22. Defendants, when asked by third parties about the employment history of any Charging Party, shall only confirm his dates of employment, and his last job title.

23. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

24. When this Decree requires a certification by Rizza of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Rizza.

25. When this Decree requires the submission by Rizza of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Equal Employment Opportunity Commission, c/o Deborah Hamilton, Rizza Cadillac, Inc., Title VII Settlement, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Rizza, they shall be mailed to: Kearney W. Kilens, Litchfield Cavo LLP, 303 West Madison Street, Chicago, Illinois 60606.

**ENTERED AND APPROVED:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE, Washington, DC 20507

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
John Hendrickson
Regional Attorney, Chicago District Office
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8099
E-Mail: john.hendrickson@eeoc.gov

_____
Gregory Gochanour
Supervisory Attorney
Chicago District Office
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8100
E-Mail: gregory.gochanour@eeoc.gov

_____
Deborah Hamilton
Senior Trial Attorney
Chicago District Office
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8123
E-Mail: gordon.waldron@eeoc.gov


Rizza Buick GMC Cadillac, Inc
By: _____
Its: Dealer Principal

ENTER:                                              DATE: 6/20/14

_____
United States District Court

## EXHIBIT A  NOTICE TO ALL EMPLOYEES OF RIZZA CADILLAC

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC et al. v. Rizza Cadillac, Inc.*, et al., No. 13 CV 6696 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") in which three employees joined as Intervening Plaintiffs.

This litigation alleged that Rizza discriminated against Arab and Muslim employees by subjecting them to a hostile work environment based on national origin and/or religion. Rizza has denied these allegations.

To resolve the case, Rizza, EEOC and Intervening Plaintiffs have entered into a Consent Decree which provides, among other things, that:

1) Rizza will pay monetary relief to resolve the claims against it;

2) Rizza is enjoined from discriminating against Arab employees on the basis of their national origin and against Muslims employees on the basis of their religion, and from subjecting Muslim and Arab employees to harassment;

3) Rizza is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed an Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

4) Rizza will provide mandatory training to employees regarding harassment, retaliation and the Rizza's policies regarding such discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8000. EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC c/o Rizza Cadillac Settlement, 500 West Madison Street, Suite 2000, Chicago, IL 60661.

6/20/14
Date

Hon. Mary M. Rowland
Magistrate Judge
United States District Court